UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| ROBIN O'NEILL,        )<br>          Petitioner        )<br>                            )<br>V.                           )<br>                            )<br>NICHOLAS DEML, COMMISSIONER OF  )<br>THE VERMONT DEPARTMENT OF    )<br>CORRECTIONS,                )<br>          Respondent         ) | Civil Action No.<br>2:22-cv-140-wks-kjd |

**RESPONDENT'S LIMITED MOTION TO DISMISS
FOR FAILURE TO EXHAUST STATE COURT REMEDIES
AND MOTION FOR EXTENSION OF TIME TO ANSWER**

Respondent hereby makes a limited motion to dismiss this petition pursuant to F.R.C.P. 12(b)(6) and Rule 12, Rules Governing § 2254 cases because petitioner is actively litigating her ineffective assistance of counsel claim for the first time in a state post-conviction relief petition.[1]

Respondent further moves for an extension of time in which to file an Answer pursuant to Rule 5 of the Rules Governing § 2254 cases. Respondent respectfully requests a deadline of sixty days after this Court decides this limited motion to dismiss. This extension will allow Respondent to finalize issues related to representation. It will also allow Respondent to compile and review the significant jury trial record in this matter and file an informed Answer.

In support, Respondent submits the following memorandum of law.

---

[1] Respondent limits this motion to the issue of Petitioner's current litigation of her ineffective assistance of counsel claim in state court. Respondent reserves all other defenses at this time.

1

## MEMORANDUM OF LAW

### I. This petition must be dismissed because Petitioner is still actively litigating her ineffective assistance of counsel claim in state court.

Petitioner was convicted of aggravated murder and her conviction was upheld on appeal. *State v. O'Neill*, 209 A.3d 1213 (Vt. 2019). Petitioner has since filed her first state post-conviction relief petition ("PCR case"), raising a claim of ineffective assistance of counsel for the first time. *See* Robin O'Neill v. State of Vermont, Case Summary, Docket no. 20-cv-00127, attached as Exhibit 1 (PCR case docket sheet); Amended Petition for Post-Conviction Relief (July 6, 2021), attached as Exhibit 2 (raising ineffective assistance of counsel). That case is ongoing and in the discovery phase in state trial court. *See* Exhibit 1. As a result, this Court should find that Petitioner's habeas claims are not exhausted and dismiss this case. In the alternative, this Court should dismiss this case based on *Younger* abstention in deference to the ongoing PCR case.

#### a. This petition should be dismissed because Petitioner has not yet exhausted her ineffective assistance of counsel claim.

A state prisoner must exhaust all state remedies before filing a federal petition for habeas corpus. 28 U.S.C. § 2254(b), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion is determined on a claim-by-claim basis. "[I]f a habeas petition contains both exhausted and unexhausted claims, it must be dismissed to enable petitioner to exhaust his unexhausted claims or to file a subsequent petition dropping them." *Grey v. Hoke*, 933 F.2d 117, 120 (2d Cir. 1991). Stated differently, "*each* claim must be reviewed for exhaustion before *any* claim may be reviewed on the merits." *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009) (emphasis added).

"The exhaustion requirement imposed by 28 U.S.C. § 2254(b)(1) means generally that before seeking a writ of habeas corpus in federal court, a state prisoner must first have presented

2

his claim to the highest court of the state." *Morgan v. Bennett*, 204 F.3d 360, 369 (2d Cir. 2000). The question is whether the petitioner has "give[n] the state courts *one full opportunity* to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Galdamez v. Keane*, 394 F.3d 68, 73 (2d Cir. 2005) (quoting *O'Sullivan*, 526 U.S. at 845). A "complete round" requires presenting the highest state court with "both the factual and the legal premises of the federal claims ultimately asserted in the habeas petition." *Id.*

Failure to exhaust may be excused "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). As codified in statute, a court may excuse the exhaustion requirement only if "there is an absence of available State corrective process; or . . . circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i) & (ii).

Here, Petitioner has not yet presented her claim for ineffective assistance of counsel to the Vermont Supreme Court. Petitioner was convicted of aggravated murder in a three-week jury trial. She completed her direct appeal to the Vermont Supreme Court, as reflected in *O'Neill*, 209 A.3d 1213. On direct appeal, she raised three issues: (1) that the evidence was insufficient to convict her; (2) that under the Fifth and Fourteenth Amendments, the court should have suppressed her statements made during custodial interrogation; and (3) that under the Due Process Clause of the Fourteenth Amendment, the court should have suppressed her involuntary statements. The Vermont Supreme Court denied her appeal. *Id.*

Petitioner filed her PCR case in the spring of 2020. *See* Exhibit 1. The PCR case is ongoing in state court. *Id.* Petitioner has raised an ineffective assistance of counsel claim in the PCR case. *See* Exhibit 2. As of November 3, 2022, Petitioner has also moved to stay her PCR

case to allow this habeas appeal to move forward. *See* Motion to Stay Discovery and Pre-trial Deadlines (Nov. 3, 2022), attached as Exhibit 3. But that motion gets the process exactly backwards and should have no bearing on whether Petitioner has exhausted her state court remedies for her claim for ineffective assistance of counsel. She has not.

Because Petitioner has not yet presented her ineffective assistance of counsel claim to the Vermont Supreme Court, she has not exhausted her state remedies for that claim as required by 28 U.S.C. § 2254(b) and (c). As stated in her habeas petition, Petitioner's ineffective assistance of counsel claim is wide-ranging, encompassing more than just the lack of investigation alleged in her PCR case. *Compare* Exhibit 2 (alleging lack of investigation) *with* ECF No. 1-1 at 128-72. But the distinction makes no difference to the exhaustion requirement, because none of the allegations of ineffective assistance alleged in the habeas petition have been presented to the Vermont Supreme Court.

Petitioner claims her state post-conviction relief proceedings will be futile and that she has "no reasonable expectation of obtaining relief from the State courts." ECF No. 1-1 at 182. Petitioner asks this Court to "waive" the exhaustion requirement. *Id.*

Petitioner has not alleged that Vermont's post-conviction relief process is "so clearly deficient" that exhaustion would be pointless. *Duckworth*, 454 U.S. at 3. Rather, she has described her view that her PCR case is doomed for two reasons: first, because Vermont Supreme Court caselaw is against her, ECF No. 1-1 at 179-80 (discussing nonprecedential case of *In re Brooks*, No. 2017-253, 2018 WL 3022683 (Vt. June 15, 2018)), or was incorrectly applied to her case at trial or on direct appeal, ECF No. 1-1 at 181 (discussing *State v. Brooks*, 2013 VT 27, 193 Vt. 461, 70 A.3d 1014 (Vt. 2014)); and second, because every attorney

4

assigned to represent her has been ineffective, ECF No. 1-1 at 173-77 (describing performance of current post-conviction relief attorneys).

Petitioner's arguments about Vermont Supreme Court precedent either being against her or incorrectly applied to her case do not make Vermont's post-conviction relief process futile as to her. Petitioner is not entitled to have caselaw in her favor, or to present a winning argument; she is only entitled to a chance to present her argument in state court. And, if state courts have misapplied state precedent, a post-conviction relief proceeding gives state courts an opportunity to correct those errors. Neither is a reason to find that the state post-conviction *process* is inherently flawed.

As to her claims about her currently assigned public defenders, Petitioner has described: a dissatisfaction with their level of communication with her, a transfer of venue and potential service issue which have since been resolved, a warning from her attorneys that post-conviction relief petitions are rarely granted, and a series of unremarkable motions or stipulations to extend filing deadlines. *See* ECF No. 1-1 at 173-77. Nothing in Petitioner's description evinces a complete lack of process, or a "process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(ii). Rather, her description is consistent with a busy set of attorneys in the midst of discovery on a complicated case. *See generally* Exhibit 1 (PCR docket sheet, reflecting same).

### b. The petition should be dismissed based on *Younger* abstention.

Because Petitioner is actively litigating ineffective assistance of counsel and related claims in state court, this court should also abstain from deciding this petition based on *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* abstention is appropriate where "even if a federal court could exercise jurisdiction, it should refrain from doing so if (1) there is an ongoing state judicial

proceeding that began prior to substantial progress in the federal proceeding, (2) that proceeding implicates important, substantial, or vital state interests, and (3) there is an adequate opportunity to raise constitutional challenges within the framework of the state judicial process." *Robinson v. Thomas*, 855 F.3d 278, 285 (4th Cir. 2017) (citing *Middlesex City Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Where state post-conviction relief proceedings are ongoing, federal courts have abstained from considering related habeas petitions, even when petitioners have otherwise exhausted their state remedies. *Id.*

This case is appropriate for dismissal based on *Younger* abstention. The PCR case constitutes an ongoing state judicial proceeding that began more than two years before this habeas petition was filed. And "*Younger* itself settled the importance of the state's interest in criminal proceedings." *Davis v. Lansing*, 851 F.2d 72, 76 (2d Cir. 1988). Finally, Vermont's post-conviction relief statute, Vt. Stat. Ann. tit. 13, § 7131, provides broad authority to raise constitutional claims—including Petitioner's Sixth Amendment claim to ineffective assistance of counsel. *See* Vt. Stat. Ann. tit. 13, § 7131 (authorizing post-conviction relief claims to include Federal Constitutional claims); Ex. 2 (Petitioner's state post-conviction petition raising ineffective assistance of counsel).

## II. Respondent requests an extension of time to file an Answer.

In addition, Respondent requests an extension of an additional sixty days after the Court's decision on the limited motion to dismiss for Respondent's deadline to file an Answer. This extension is necessary for Respondent to resolve outstanding issues of representation and to submit a complete and informed Answer to the Petition.

Habeas petitions in Vermont have historically been handled by either the Vermont Attorney General's Office or the county-level State's Attorney. Due to staff turnover, both the

Attorney General's Office and the Department of State's Attorneys and Sheriffs have recently lost their long-time habeas corpus practitioners and have fewer than the usual numbers of attorneys admitted to this District. At this point, a decision has not been finalized as to which office will handle the representation in this matter going forward.

In addition, and regardless of who appears for Respondent, the record and issues raised in this petition are all substantial and require more time for meaningful and informed response. An Answer pursuant to Rule 5 of the Rules Governing § 2254 cases must, among other things, "address the allegations in the petition." Rule 5(b). Respondent must also "attach to the answer parts of the transcript that the respondent considers relevant" or "submit a narrative summary of the evidence." Rule 5(c). Petitioner has alleged at least nine grounds in her habeas petition, described over 200 pages of pleadings. And the underlying criminal case involved a three-week jury trial resulting in a conviction for aggravated murder. A thorough review of the record and of Petitioner's extensive claims will take time.

An extension will allow Respondent's counsel to be both fully informed about the case and admitted to the District.

Pursuant to Fed. R. Civ. P. 6, the Court has discretion to grant an extension of time. F.R.C.P. 6; Rule 12, Rules Governing § 2254 cases. The current deadline for Respondent to respond to Petitioner's petition is November 13, 2022. Respondent seeks an extension of time until sixty days after this Court decides this motion to dismiss. The requested extension is necessary to allow Respondent to resolve issues of representation and to prepare an appropriate and thorough response to the petition.

Respondent has been unable to reach Petitioner in time to ascertain Petitioner's position on this motion.

WHEREFORE, Respondent respectfully requests:

1. That this Petition be dismissed; and

2. That the Court extend the time for Respondent to Answer Petitioner's petition, if necessary, until sixty days after this Court decides Respondent's limited motion to dismiss.

DATED AT Montpelier, Vermont this 10th day of November 2022.

        STATE OF VERMONT

        SUSANNE R. YOUNG
        ATTORNEY GENERAL

by:   */s/ Eleanor L.P. Spottswood*
      Eleanor L.P. Spottswood
      Solicitor General
      109 State Street
      Montpelier, VT 05609
      802-793-1646
      Eleanor.Spottswood@vermont.gov