UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Robin O'Neill,

        Petitioner,

        v.

Nicholas Deml, Commissioner,
Vermont Department of Corrections,

        Respondent.

Civil Action No. 2:22-cv-140-wks-kjd

## REPORT AND RECOMMENDATION
(Docs. 1, 9, 12)

Robin O'Neill, proceeding *pro se*, petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) In 2017, O'Neill was convicted at trial of aggravated murder and received a sentence of life in prison. *State v. O'Neill*, No. 1532-11-14 Wmcr (Vt. Super. Ct.). The Vermont Supreme Court affirmed O'Neill's conviction. *State v. O'Neill*, 2019 VT 19, 209 A.3d 1213. After conclusion of her direct appeal in the Vermont Supreme Court, O'Neill filed a post-conviction relief (PCR) petition in the Superior Court in 2020 asserting an ineffective assistance of counsel claim. *O'Neill v. State*, No. 20-cv-00127 (Vt. Super. Ct.) She filed an Amended PCR petition in 2021 in which she again raised an ineffective assistance of counsel claim. *Id.* The PCR case remains pending in state court. O'Neill filed a federal habeas petition in this Court in July 2022, raising ineffective assistance of counsel, among other claims. (Doc. 1)

Respondent Nicholas Deml, Commissioner of the Vermont Department of Corrections, has filed a Limited Motion to Dismiss[1] for Failure to Exhaust State Court Remedies and Motion for Extension of Time to Answer, in which he asserts that O'Neill's habeas petition should be dismissed because she is actively litigating her ineffective assistance of counsel claim in state PCR proceedings, and thus has not exhausted available state remedies before seeking federal habeas review.  (Doc. 9 at 2.)

Alternatively, Respondent contends that the Court should abstain at this time from adjudicating the habeas petition under *Younger v. Harris*, 401 U.S. 37 (1971), which generally counsels against the exercise of federal jurisdiction where a prior and related state-court proceeding is ongoing and state judicial process affords the person an adequate opportunity to raise constitutional claims in that forum.  (*Id.* at 5–6.)  O'Neill contends that dismissal of her habeas petition is unwarranted because she is not actively litigating her ineffective assistance of counsel claim in state court, and in any event the exhaustion requirement should be excused in her case because state remedies are futile or ineffective.  (Doc. 10 at 2.)

For the reasons set forth below, I recommend that Respondent's Limited Motion to Dismiss for Failure to Exhaust State Court Remedies (Doc. 9) be GRANTED and O'Neill's § 2254 Petition (Doc. 1) be DISMISSED without prejudice.  Given these recommendations, I

---

[1] O'Neill objects to the use of a motion to dismiss in the habeas context.  (Doc. 10 at 9.)  A motion to dismiss in lieu of an Answer is procedurally permissible.  *See* Rule 4, Rules Governing Section 2254 Cases, 2004 advisory committee notes ("The amended rule reflects that the response to a habeas petition may be a motion"); Rule 5, 2004 advisory committee notes ("The revised rule does not address the practice in some districts, where the respondent files a pre-answer motion to dismiss the petition.  But revised rule 4 permits that practice and reflects the view that if the court does not dismiss the petition, it may require (or permit) the respondent to file a motion."); *see also Williams v. Breslin*, 274 F. Supp. 2d 421, 424–25 (S.D.N.Y. 2003) ("Motions to dismiss habeas petitions on procedural grounds . . . are not inconsistent with the Habeas Rules, given the wide discretion afforded district judges in the disposition of habeas petitions."); *Carpenter v. Vermont DOC*, Civil Action No. 2:21-cv-111-cr-kjd, 2022 WL 3636863 (D. Vt. July 27, 2022), *report and recommendation adopted*, 2022 WL 3597206 (D. Vt. Aug. 23, 2022) (granting motion to dismiss § 2254 petition).

2

further recommend that Respondent's Motion for Extension of Time to Answer (Doc. 9) and

O'Neill's Renewed Motion for Appointment of Counsel (Doc. 12) be DENIED as moot.

<u>Discussion</u>

I.    **O'Neill must exhaust her ineffective assistance of counsel claim in state court before she may raise the same claim on federal habeas review.**

In order to bring a claim under § 2254, a petitioner must have "exhausted the remedies

available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Exhaustion requires that the

petitioner "present his federal constitutional claims to the highest court of the state before a

federal court may consider the merits of the petition." *Grey v. Hoke*, 933 F.2d 117, 119 (2d Cir.

1991). "[S]tate prisoners must give the state courts one full opportunity to resolve any

constitutional issues by invoking one complete round of the State's established appellate review

process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "[O]ne complete round of the

State's established appellate review process" may be achieved "through either a full round of the

state's appellate review process or a full round of postconviction proceedings." *Fellows v.

Baker*, Civil Action No. 2:20-cv-139-wks-jmc, 2021 WL 4200875, at *11 (D. Vt. Mar. 10,

2021), *report and recommendation adopted*, 2021 WL 4199285 (D. Vt. Sept. 15, 2021); *see

O'Sullivan*, 526 U.S. at 845. The exhaustion requirement "reduces piecemeal litigation" and

makes it more likely that a district court will "review all of the prisoner's claims in a single

proceeding, thus providing for a more focused and thorough review." *Rose v. Lundy*, 455 U.S.

509, 520 (1982). Therefore, "if a habeas petition contains both exhausted and unexhausted

claims, it must be dismissed to enable petitioner to exhaust his unexhausted claims or to file a

subsequent petition dropping them." *Grey*, 933 F.2d at 120.

On March 11, 2020, O'Neill filed a PCR claim in state court alleging ineffective

assistance of counsel. *In re: Robin O'Neill*, No. 237-3-20 Cncv (Vt. Super. Ct.); (*see* Doc. 11-5.)

She filed an Amended PCR Petition on July 6, 2021. *O'Neill v. State*, No. 20-cv-127 (Vt. Super. Ct.); (Doc. 9-2.)  The Amended Petition alleged ineffective assistance of counsel and a claim that her sentence was unlawful under the federal and Vermont Constitutions because it was disproportionate to the crime of conviction.  (*Id.* at 2.)  As of the filing of this Report and Recommendation, it appears that the PCR petition remains pending in state court.  (Doc. 13-3 (December 29, 2022 Superior Court entry order setting case for status conference 90 days from date of order)).  Consequently, the state courts have not had "one full opportunity" to resolve O'Neill's ineffective-assistance-of-counsel claim.  Therefore, this Court may not consider the claim until it has been exhausted in state court, including presentation of the claim to the Vermont Supreme Court.

O'Neill asserts that she advised her counsel to dismiss the PCR case in favor of this federal habeas proceeding.  (Doc. 13 at 4.)  She further references a November 2022 order of the PCR court in which the court raises the option of dismissing her case without prejudice and permitting her to re-file if she does not obtain relief on federal habeas review.  (Doc. 10-2.)  As noted, as far as the Court is aware, the PCR case has not been dismissed and remains pending. Dismissal of the PCR petition, however, would not cure the failure to exhaust the ineffective-assistance-of-counsel claim for purposes of the federal habeas petition.  Therefore, the Court may not consider O'Neill's habeas claims until she exhausts remedies available to her in state court.

O'Neill acknowledges that she has not exhausted state remedies on her ineffective assistance claim, but contends that she should be excused from the exhaustion requirement because state remedies are "futile or ineffective" in her case.  (Doc. 10 at 2.)  A petitioner is required to exhaust state court remedies unless she demonstrates "an absence of available State

corrective process" or circumstances "that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)–(ii). O'Neill asserts several reasons to excuse the lack of exhaustion in her case. She suggests that "Vermont caselaw militates against a positive outcome in state courts." (Doc. 10 at 4.) The merits of O'Neill's claims under Vermont precedent, however, are immaterial to whether state corrective process is available to her or whether the state process is ineffective to protect her rights.[2]

O'Neill further contends that exhaustion should be excused because of the ineffectiveness of her PCR counsel. (Doc. 10 at 3-4.) Specifically, she asserts that PCR counsel is responsible for the delay in her case. The Supreme Court has explained that ineffective assistance of post-conviction counsel may be considered in the context of procedural default of a claim. "[A] procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if the default results from the ineffective assistance of the prisoner's counsel in the collateral proceeding." *Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017). There is no suggestion in this case of any procedural default on the ineffective assistance claim in state court. In addition, as explained below, the docket activity in the PCR case demonstrates regular litigation activity of post-conviction counsel. Therefore, the performance of PCR counsel does not provide a basis to excuse the failure to exhaust.

O'Neill also claims that the "[i]nordinate or unjustified delay" in her state proceedings permits federal relief before the conclusion of the state court process. (*Id.* at 3.) She specifically claims that "[i]nordinate delay of five years justifies excusing failure to exhaust." (*Id.* at 4.) But the record does not suggest inordinate delay in her post-conviction review case. Petitioner was

---

[2] O'Neill's argument regarding unfavorable Vermont caselaw also appears to claim that caselaw bars her from raising the claims rejected by the Vermont Supreme Court in her post-conviction review proceedings. (Doc. 13 at 8.) In addition to those claims, however, O'Neill has raised other claims in her federal habeas petition that require exhaustion of state remedies before they may be considered in this Court.

convicted in 2017 and her direct appeal to the Vermont Supreme Court concluded on March 29, 2019. *State v. O'Neill*, 2019 VT 19. She filed her PCR claim on March 11, 2020, *In re: Robin O'Neill*, No. 237-3-20 Cncv (Vt. Super. Ct.) and amended the claim in July 2021.

As O'Neill's PCR proceedings arise from an aggravated murder conviction after jury trial, the issues and claims to be considered are inherently complex. As the Superior Court noted in a scheduling order in the PCR case, "it will take somewhere in excess of 100 uninterrupted hours to pore over the transcripts, motions, and filings in this case." *O'Neill v. State*, Scheduling Order, No. 20-cv-127 (Vt. Super. Ct. Aug. 7, 2020); (*see* Doc 11-6). Given the nature of the issues and claims under review in the PCR court, the fact that the PCR case has been pending approximately two and a half years is insufficient to excuse Petitioner from exhausting her state court remedies. *Jordan v. Bailey*, 985 F. Supp. 2d 431, 437 (S.D.N.Y. 2013) (explaining that "[t]he passage of time, alone, is not sufficient to rise to the level of a 'complete absence of a mechanism for correction of a constitutional violation'" (quoting *Francis S. v. Stone*, 995 F. Supp. 368, 380 (S.D.N.Y. 1998))).

In considering whether the length of post-conviction proceedings raises due process concerns justifying excusal from the exhaustion requirement, courts consider the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker v. Wingo*, 407 U.S. 514, 530 (1972); *see also Cody v. Henderson*, 936 F.2d 715, 717–18 (2d Cir. 1991) (applying the *Barker* factors in the appellate context).

Courts assess the length of delay in the context of the specific circumstances of the case. *Barker*, 407 U.S. at 530–31. The length of O'Neill's PCR proceedings has not been unreasonable given the gravity of the crime of conviction and the fact that the case involved a weeks-long jury trial. As to the reason for any delay, the procedural history of the PCR case

6

does not suggest that the case has been delayed unreasonably.  (*See* Doc. 9-1.)  The docket

reflects regular and appropriate case activity.  (*See id.* (Complaint filed on April 10, 2020;

motion to dismiss filed on June 12, 2020; order denying motion to dismiss on August 7, 2020;

petitioner's motion to modify scheduling order on December 21, 2020; Amended Complaint

filed on July 6, 2021; motion to re-schedule status conference on February 16, 2022; stipulated

motion to cancel pre-trial conference and proposed discovery stipulation and order on March 24,

2022; stipulated motion for third amended pretrial schedule on September 29, 2022; order

granting amended schedule on October 6, 2022)).  Regarding the third factor—petitioner's

assertion of her right—there is no indication that O'Neill raised timeliness concerns with the

PCR court.  In fact, she has moved twice to stay the PCR litigation.  (*See* Docs. 11-4, 11-20.)

Finally, O'Neill has not demonstrated that she has been prejudiced by the amount of time her

PCR case has been pending.  She has not shown that any delay has somehow undermined the

PCR process itself such that a meaningful review of her claims is not available to her.  Therefore,

O'Neill should not be excused from the requirement that she exhaust state court remedies.

    Because O'Neill is actively litigating her ineffective assistance of counsel claim in state

court, and she has not demonstrated that exhaustion should be excused, this Court is unable to

proceed until she exhausts her claims in state court.  *See Grey*, 933 F.2d at 119.[3]

## II.    The Court should abstain from addressing the habeas petition until PCR proceedings have concluded.

    Respondent alternatively requests that the Court abstain from adjudicating the habeas

petition to permit the ongoing PCR case to proceed in Superior Court.  Under *Younger v. Harris*,

401 U.S. 37 (1971), "a federal court should abstain from exercising jurisdiction where three

---

[3]  O'Neill's habeas petition raises other claims in addition to the ineffective assistance of counsel claim. This Report and Recommendation does not consider exhaustion as to those claims.

7

factors are present: (1) there is an ongoing state criminal proceeding; (2) the claim raises

important state interests; and (3) the state proceedings provide an adequate opportunity to raise

the constitutional claims." *Schlagler v. Phillips*, 166 F.3d 439, 442 (2d Cir. 1999). "*Younger*

abstention is grounded in principles of comity and federalism and is premised on the belief that a

state proceeding provides a sufficient forum for federal constitutional claims." *Id.* As to the first

factor, O'Neill filed her PCR case in April 2020, over two years before she filed her federal

habeas petition. With respect to the second factor, it is evident that the State has an important

interest in criminal proceedings in its courts. Finally, Vermont law permits state prisoners to

raise state and federal constitutional claims in PCR proceedings. *See* 13 V.S.A. § 7131. There is

no reason to conclude that Petitioner lacks an adequate opportunity to present her constitutional

claims—including her ineffective-assistance-of-counsel claim—to the state courts. *See Davis v.*

*Lansing*, 851 F.2d 72, 76 (2d Cir. 1988) (concluding that "equitable principles support denial of

relief . . . unless there is a showing of irreparable harm that is both great and immediate").

Therefore, this Court's abstention to permit O'Neill's PCR proceedings to continue is

appropriate.

Nevertheless, a court may decline to abstain when "extraordinary circumstances" are

present. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982).

Such "extraordinary circumstances" must "render the state court incapable of fairly and fully

adjudicating the federal issues before it" and create "an extraordinarily pressing need for

immediate federal equitable relief." *Kugler v. Helfant*, 421 U.S. 117, 124–25 (1975). For a

court to find such circumstances, (1) "there [must] be no state remedy available to meaningfully,

timely, and adequately remedy the alleged constitutional violation; *and* (2) . . . a finding [must]

be made that the litigant will suffer 'great and immediate' harm if the federal court does not

8

intervene." *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 201 (2d Cir. 2002) (citing *Trainor v. Hernandez*, 431 U.S. 434, 441–42 & n.7 (1977)).

Petitioner has not demonstrated the extraordinary circumstances[4] necessary for this Court to intervene in the pending PCR proceedings by adjudicating the unexhausted claims in her federal habeas petition. Petitioner also has not shown a constitutional violation based on the length of time her PCR case has been pending. Further, the state court is an appropriate forum to seek redress for any alleged errors both in the underlying criminal proceedings and in the conduct of PCR proceedings.

Therefore, the Court should abstain from addressing O'Neill's habeas petition until PCR proceedings have concluded.

### III.    O'Neill's Renewed Motion for Appointment of Counsel should be denied as moot.

O'Neill also requests appointment of counsel. (Doc. 12.) She contends that her position is of substance, her claims have merit, and she has limited ability to investigate crucial facts or present the case effectively given the complexity of the issues. (*Id.*) O'Neill asserts that "appointment of counsel would be more likely to lead to judicial economy and a more just determination." (*Id.* at 8.) Given the recommendation that the habeas petition be dismissed, I recommend that the Motion for appointment of counsel be DENIED without prejudice. In the event O'Neill refiles her habeas petition, she may renew her request for appointed counsel.

---

[4] O'Neill asserts that she has shown "extraordinary circumstances" because she will be irreparably harmed by "the inability to relitigate the violations of her most fundamental constitutional rights and those of federal law most instrumental in her wrongful conviction." (Doc. 13 at 10.) She further asserts that she "has no reasonable expectations that the state courts are capable of fairly and fully adjudicating her claims," including "misconduct and law breaking by law enforcement; egregiously improper and prejudicial closing statements by the prosecutor; jury instruction errors; prejudicial voir dire; prosecutorial misconduct . . . fact finding errors by both courts; [and] ineffective assistance of trial counsel." (*Id.* at 11.) However, the fact that the Vermont Supreme Court found no merit to the specific claims she raised on appeal does not mean that she will not receive full and fair consideration of any claims appropriate for PCR review.

## <u>Conclusion</u>

For the reasons explained above, I recommend that Respondent's Limited Motion to Dismiss for Failure to Exhaust State Court Remedies (Doc. 9) be GRANTED and O'Neill's § 2254 Petition (Doc. 1) be DISMISSED without prejudice, permitting O'Neill to refile her Petition when her claims have been exhausted in state court.[5] I further recommend that Respondent's Motion for Extension of Time to Answer (Doc. 9) and O'Neill's Renewed Motion for Appointment of Counsel (Doc. 12) be DENIED as moot.

Dated at Burlington, in the District of Vermont, this 16th day of February 2023.

*/s/ Kevin J. Doyle*
Kevin J. Doyle
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections that shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (quoting *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)).

---

[5] It appears that O'Neill's PCR counsel have advised her of the statute of limitations applicable to her federal habeas petition and the potential impact of PCR proceedings on the timely filing of a habeas petition. (Doc. 13 at 4; Doc. 13-1.)