```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                       DISTRICT OF VERMONT
```

ROBIN O'NEILL,                         :
                                       :
        Petitioner,                    :
                                       :
        v.                             :   Case No. 2:22-cv-140-wks-kjd
                                       :
NICHOLAS DEML, Commissioner,           :
Vermont Department of                  :
Corrections,                           :
                                       :
        Respondent.                    :

                              ORDER

     The Report and Recommendation of the United States

Magistrate Judge was filed February 16, 2023.  After *de novo*

review of both the file and the Magistrate Judge's Report and

Recommendation, this Court ADOPTS the Magistrate Judge's

recommendations in full for the reasons stated in the Report.

     Petitioner Robin O'Neill ("Petitioner") was convicted of

aggravated murder and sentenced to life in prison.  She now

contends that the Court should excuse her failure to exhaust

state court remedies, as is required by 28 U.S.C. §

2254(b)(1), because her state post-conviction proceeding is

taking too long to resolve. The Court agrees with the

Magistrate Judge's determination that two-and-a-half years of

post-conviction review, particularly in a case of such gravity

and complexity, does not warrant excusal of the exhaustion

requirement.

When reviewing post-conviction delay, courts in this Circuit have applied the criteria articulated in *Barker v. Wingo*, 407 U.S. 514 (1972).  *See Simmons v. Reynolds*, 898 F.2d 865, 868 (2d Cir. 1990) (applying the *Barker* criteria).  Those criteria include the length of the delay; the reason for the delay and the party responsible; whether the petitioner asserted her right to a decision; and ensuing prejudice.  *Id*. "A court may also consider federal-state comity in considering whether undue delay excuses a failure to exhaust."  *Roberites v. Colly*, 546 F. App'x 17, 19 (2d Cir. 2013) (citing *Brooks v. Jones*, 875 F.2d 30, 32 (2d Cir. 1989)).

The record in this case shows that Petitioner's post-conviction review counsel has been actively engaged in pursuing relief.  Reasons for the delay have varied, and reportedly include investigative difficulties resulting from the COVID-19 pandemic.  While Petitioner has expressed concerns about delays with her attorney, there is no indication that she has raised the issue with the state court.  Nor has she shown that the post-conviction review proceeding, or her ability to present her claim, has been prejudiced by the passage of time.  Finally, federal-state comity favors requiring exhaustion. *See Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017).

Accordingly, the Respondent's Limited Motion to Dismiss for Failure to Exhaust State Court Remedies (Doc. 9) is GRANTED and Petitioner's § 2254 Petition (Doc. 1) is DISMISSED without prejudice.  Petitioner may refile her Petition when her claims have been exhausted in state court.  In addition, Respondent's Motion for Extension of Time to Answer (Doc. 9) and Petitioner's Renewed Motion for Appointment of Counsel (Doc. 12) are DENIED AS MOOT.

Dated at Burlington, in the District of Vermont, this 3rd day of April, 2023.

/s/ William K. Sessions III
William K. Sessions III
District Court Judge
